972 So.2d 1263 (2007)
Corey JOHNSON
v.
DEPARTMENT OF POLICE.
No. 2007-CA-1167.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 2007.
Frank G. DeSalvo, DeSalvo DeSalvo Blackburn, APLC, New Orleans, LA, for Plaintiff/Appellee.
Victor L. Papai, Jr., Assistant City Attorney, Heather M. Valliant, Assistant City Attorney, Joseph V. DiRosa, Jr., Chief Deputy City Attorney, Penya Moses-Fields, City Attorney, New Orleans, LA, for Defendant/Appellant.
Court composed of Judge DENNIS R. BAGNERIS SR., Judge TERM F. LOVE, Judge ROLAND L. BELSOME.
*1264 ROLAND L. BELSOME, Judge.
In this appeal, the Department of Police of the City of New Orleans (Department) seeks review of the decision of the Civil Service Commission (Commission) granting the appeal of the plaintiff, Corey Johnson (Johnson) and ordering his reinstatement with all back pay and emoluments of office. For the reasons which follow, we vacate the judgment and remand to the Commission with instructions.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
The Department hired Johnson on October 5, 1997 as a police officer. The Department reassigned Johnson to the Reserve Division effective August 12, 2005. Johnson failed to report for duty on August 28, 2005, as required due to the approach of Hurricane Katrina. The Department issued a formal notice of termination dated January 18, 2006. The Department issued the termination letter without holding a pre-termination hearing.
Johnson filed an appeal with the Civil Service Commission. The Commission granted the appeal, concluding that the Department failed to grant Johnson a proper pre-termination hearing, including notice and an opportunity to be heard, prior to the imposition of discipline. The Commission ordered the Department to reinstate Johnson to his prior position with all back pay and emoluments of office. The Department filed a motion for appeal seeking review of the Commission's decision.
DISCUSSION
In Reed v. Dept. of Police, XXXX-XXXX, p. 1 (La.App. 4 Cir. 10/4/07), 967 So.2d 606 this Court faced the issue of whether the failure to hold a pre termination hearing was an illegal denial of due process. This Court found that Hurricane Katrina, with its effects upon the City of New Orleans and its government, was an extraordinary event such that the Department could discipline its officers without a pre-termination hearing. This Court held that under the unique circumstances presented, a post-termination hearing which allows the accused officer an opportunity to present all relevant evidence which would have been introduced at a pre-termination hearing satisfies the due process requirements of both the United States and Louisiana Constitutions. This Court vacated the decision of the Commission and ordered the Commission to receive from the parties such additional evidence as necessary to appropriately resolve the matter on the merits. Id. at p. 610.
We are required to follow this court's decision in Reed. Thus, the Commission's ruling is vacated, and the Commission is instructed to conduct a post-termination hearing and allow each party to introduce evidence at such hearing and render a decision on the merits of the case.
JUDGMENT VACATED; REMANDED.